Rory C. Leisinger, Esq. (SBN: 277476)
Leisinger Law, LLP
118 N. Citrus, Ste. B
Covina, CA 91723
Tel: 626-290-2868
Rory@leisingerlaw.com
Attorney for Plaintiff,
SHAWNA BARBEAU

**UNITED STATES DISTRICT COURT**
**CENTAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| SHAWNA BARBEAU,<br><br>        Plaintiff,<br><br>    vs.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC.,<br><br>        Defendant. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000** |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHAWNA BARBEAU (Plaintiff), through her attorneys, alleges the following against Defendant, RECEIVABLES PERFORMANCE MANAGEMENT, LLC., (Defendants):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

3. Count III of Plaintiff's Complaint is based on the Telephone Consumer Protection Act 47 U.S.C. § 227 *et seq.*, (TCPA).

## JURISDICTION AND VENUE

4. Defendant conducts business in the State of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing in Los Angeles, Los Angeles County, California.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant, RECEIVABLES PERFORMANCE MANAGEMENT, LLC., is a corporation doing business in the State of California, with a corporate address listed as 20816 44th Avenue W, Lynwood, WA 98036, and is a person under 47 U.S.C. §227

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant is attempting to collect a debt from Plaintiff.

12. The alleged debt arises from transactions for personal, family, and household purposes.

13. Upon information and belief Defendant is attempting to collect a debt owed by an individual unknown to Plaintiff.

14. Plaintiff owns a cellular phone bearing a number, with the last four digits ending in 2617.

15. On or about March 2015, Plaintiff began receiving numerous calls from the number (425) 629-9286.

16. Defendant owns the number (425) 629-9286.

17. Defendant has continually called Plaintiff with the intent to speak with a person other than Plaintiff.

18. During these calls, Plaintiff told Defendant they Defendant the wrong number, and should not call again.

19. Defendant documented this information.

20. Despite this, Defendant continued calling Plaintiff on Plaintiff's cellular phone.

21. Plaintiff has never given Defendant consent, express or implied, to call her cellular phone.

22. Defendant called Plaintiff a minimum of eight (8) times on her cell phone.

23. On April 29, 2015, Plaintiff received a telephone call from Defendant at 11:13 am.

24. On April 30, 2015, Plaintiff received a telephone call from Defendant at 11:36 am.

25. On May 2, 2015, Plaintiff received a telephone call from Defendant at 12:58 pm.

26. On May 6, 2015, Plaintiff received a telephone call from Defendant at 9:01 am.

27. On May 7, 2015, Plaintiff received a telephone call from Defendant at 7:00 pm.

28. On May 9, 2015, Plaintiff received a telephone call from Defendant at 11:08 am.

29. On May 17, 2015, Plaintiff received a telephone call from Defendant at 1:06 pm and at 9:29 am.

30. Defendant used an automated dialer to call Plaintiff's cell phone number.

31. Upon information and belief, Defendant knew that it was using an automated dialer to place these calls to Plaintiff, and that the call was directed to Plaintiff's cellular phone.

## COUNT I
## DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

32. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt;

WHEREFORE, Plaintiff, SHAWNA BARBEAU, respectfully requests judgment be entered against Defendant, RECEIVABLES PERFORMANCE MANAGEMENT, LLC., for the following:

   A. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k,*

   B. Actual damages,

   C. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k.*

D. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

34. Defendant violated the RFDCPA based on the following:

   a. Defendants violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*, in particular *15 U.S.C. § 1692(d)*.

WHEREFORE, Plaintiff, SHAWNA BARBEAU, respectfully requests judgment be entered against Defendant, RECEIVABLES PERFORMANCE MANAGEMENT, LLC., for the following:

   A. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

   B. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

   C. Any other relief that this Honorable Court deems appropriate.

///
///
///
///
///
///
///

# COUNT III
## DEFENDANTS VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227

35. Plaintiff repeats and realleges all of the allegations in Count I and Count II of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

36. A minimum of eight (8) telephone calls to Plaintiff, from Defendant, were done utilizing an automated dialer.

37. Defendant's actions constitute a minimum of eight (8) separate violations of 47 U.S.C. §227(b)(1)(A)(iii), to which their falls no exemption to their behavior.

WHEREFORE, Plaintiff, SHAWNA BARBEAU, respectfully requests judgment be entered against Defendant, RECEIVABLES PERFORMANCE MANAGEMENT, LLC., for the following:

   A. That an order be entered declaring the Defendant's actions, as described above, in violation of the TCPA;
   B. That judgment be entered in favor of Plaintiff Tina Broussard against Defendant for each and every violation of 47 U.S.C. § 227b(1)(A)(iii);
   C. That the Court award treble damages to Plaintiff Tina Broussard for each and every violation of the TCPA the Court deems willful; and
   D. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Dated: August 4, 2015

RESPECTFULLY SUBMITTED,

By: /s/ Rory Leisinger
Rory Leisinger, Esq.
118 N. Citrus, Suite B
Covina, CA 91723
Tel: 626-290-2868
Rory@leisingerlaw.com
Attorney for Plaintiff,
SHAWNA BARBEAU